**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**EDWIN HALL,**

    **Plaintiff,**

    v.

        **Case No. 2:20-cv-1501**
        **Judge Sarah D. Morrison**
        **Chief Magistrate Judge Elizabeth P. Deavers**

**RICHARD D. WETZEL,** *et al.*,

    **Defendants.**

### ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff Edwin Hall, an Ohio resident proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against Knox County Prosecuting Attorney Charles T. McConville, Knox County Public Defender John Pyle, and Knox County Court of Common Pleas Judge Richard D. Wetzel.  (ECF No. 1-1.)  This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims.

This matter is also before the Court for consideration of Plaintiff's Motion to Appoint Counsel.  (ECF No. 5.)  In this filing, Plaintiff appears to renew his Motion to Appoint Counsel, which was previously denied by this Court.  (ECF No. 4.)  The filing also contains several pages

1

of unrelated documents that have been previously filed in this case and that have been considered as part of the initial screen. (ECF No. 5.) The Motion to Appoint Counsel (ECF No. 5) is again **DENIED WITHOUT PREJUDICE**. Although this Court has statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (citation omitted). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id*. at 606. The Court has evaluated whether such exceptional circumstances exist in this case and determines that the appointment of counsel is not warranted at this juncture.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

---

[1]Formerly 28 U.S.C. § 1915(d).

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court

holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

According to the Complaint, on or around October 5, 2018, Plaintiff called 911 from Adam Harris' phone at approximately 7:11 a.m. to report a home invasion and burglary in progress at his residence in Mt. Vernon, Ohio. (ECF No. 1-1 at 3, 7.) At some point thereafter, Plaintiff asserts that Keyanna Blanchard, Harris' live-in girlfriend, also called 911. (ECF No. 1-1 at 3.) Based on the annotated police report attached to Plaintiff's Complaint, Blanchard's call was to report Plaintiff's trespass into her home. (*Id.* at 13.) Two police officers arrived at Harris' and Blanchard's home and an altercation occurred between Plaintiff and the officers. (*Id.*) According to Plaintiff, video footage shows that the officers used a taser on him twice with a deadly amount of voltage. (*Id.* at 7.) According to the police report, Plaintiff ran from the officers, ignored their commands for him to stop, and pushed one of the officers. (*Id.* at 13.) Plaintiff alleges that he was transported from Knox County Jail to Knox Community Hospital where he received staples in his scalp from falling as a result of being struck twice by a taser. (*Id.* at 7.)

Knox County Court of Common Pleas records show that Plaintiff was arrested on October 10, 2018, and charged with assault on a peace officer, a fourth-degree felony in violation of R.C. 2903.13(A), and trespass, a fourth degree felony in violation of R.C. 2911.12(B). *See*

*State of Ohio v. Hall*, 18CR10-0288, Knox County Court of Common Pleas. Both charges were dismissed on September 26, 2019, prior to trial. *Id.* Defendant Judge Wetzel presided over the case, Defendant McConville served as the prosecutor, and Defendant Pyle was Plaintiff's attorney.

Court records further show that Plaintiff was arrested again on August 27, 2019, again charged with assault on a peace officer and trespass, along with felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(1). *See State of Ohio v. Hall*, 19CR08-0251, Knox County Court of Common Pleas. The state court's docket reflects that the case is ongoing. *Id.* Defendant Judge Wetzel is presiding over the case and Defendant McConville is the prosecutor. *Id.* The docket reflects that Plaintiff has a different attorney in this case. *Id.*

As best as the Court can discern from the Complaint, Plaintiff seeks to assert a civil action for injunctive relief and monetary damages against Judge Wetzel, Prosecutor McConville, and Public Defender Pyle, for various actions taken during his arrest and his case. As to Judge Wetzel, he alleges that the Judge failed to admit on the record the video of the officers striking him with a taser. (ECF No. 1-1 at 4.) Plaintiff alleges that Prosecutor McConville engaged in conspiracy in violation of 18 USC §§ 291, 242, that he pretended to be a police officer and falsified police reports, that he concealed body camera video footage, and that he dismissed one of Plaintiff's witnesses in the state criminal case. (*Id.* at 3-4, 19.) Finally, Plaintiff asserts that Public Defender Pyle conspired against him in dismissing one of his witnesses in the state criminal case. (*Id.* at 4.) Plaintiff asserts that he has been "incarcerated on false charges for 9 ½ months." (*Id.* at 8.)

Attached to Plaintiff's Complaint is a copy of reports he made to the Office of Disciplinary Counsel of the Ohio Supreme Court against Prosecutor McConville. (ECF No. 1-1

5

at 36.)  The grievance lists the 2018 criminal case as well as the 2019 criminal case that is ongoing.  (*Id.*)

Plaintiff seeks relief in the form of his ongoing state criminal case to be dismissed, monetary damages in the amount of $83,315,000, and for the Defendants to be criminally prosecuted.  (ECF No. 1-1 at 5.)

### III.

Plaintiff's claims fail on several grounds.  As a threshold matter, if, as Plaintiff appears to represent, there is an ongoing state-court criminal proceeding, state court is where Plaintiff must seek his remedy.  This Court has no jurisdiction to intervene in the state-court appellate process and must abstain from involvement regarding the issues until all appeals have been exhausted.  *See Younger v. Harris*, 401 U.S. 37 (1971).

In *Younger v. Harris*, the United States Supreme Court held that federal courts should refrain from interfering in a pending state criminal law enforcement process.  *See* 401 U.S. 37, (1971).  The doctrine "reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." *Moore v. Sims*, 442 U.S. 415, 423 (1979).

Accordingly, "*Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir.2008).  "A federal court should abstain only when three criteria are met, specifically: (1) the underlying proceedings constitute an ongoing state judicial proceeding; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise constitutional challenges in the course of the underlying

proceeding." *Danner v. Bd. of Prof'l Responsibility of the Tn. Sup.Ct.*, 277 F. App'x 575, 578 (6th Cir.2008).

In this case, the Undersigned concludes that Plaintiff's claims meet the *Younger* abstention requirements. As a preliminary matter, the monetary and injunctive relief Plaintiff seeks would clearly interfere with state court proceedings, in which the state has an important interest. Plaintiff specifically requests that his ongoing state criminal case be dismissed. (ECF No. 1-1 at 5.) Additionally, the Court generally must presume that state courts will protect the federal plaintiff's constitutional interests. *Meyers*, 23 F. App'x at 205. Plaintiff has not alleged any facts to overcome this presumption. Rather, "case law suggests that the state courts do provide an adequate forum." *Id.*

The Undersigned finds that the three prongs of the *Younger* abstention doctrine are met and therefore recommends that the Court abstain from exercising jurisdiction over this case at this time.

In addition to Plaintiff's claims being barred under the *Younger* abstention doctrine, his claims also fail to state a claim because the Defendants are either immune or the allegations do not otherwise amount to a valid claim under § 1983.

<u>Defendant Judge Wetzel</u>

Judicial officers are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). This protection is necessary to ensure that exposure to potential damages does not impair the independent and impartial exercise of the Court's judgment. *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the

conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012).

Plaintiff cannot overcome the presumption of immunity under the first criterion. The determination of whether an action is performed in the defendant's judicial capacity depends upon the "nature" and "function" of the act, rather than the act itself. *Mireles*, 502 U.S. at 13; *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Looking first to the "nature" of the act, the Court must determine whether the conduct giving rise to the claim is a function generally performed by a judge. *Stump*, 435 U.S. at 362. This inquiry requires only an examination of the judge's alleged conduct in relation to the general functions normally performed by judges. *Mireles*, 502 U.S. at 13. Second, an examination of the "function" of the act alleged requires the Court to assess whether the plaintiff dealt with the judge in his judicial role. *Id*.

In applying these principles, the Undersigned finds that Judge Wetzel was acting in his judicial capacity at all times that the conduct alleged in the Complaint occurred. To the extent Plaintiff interacted with Judge Wetzel at all, the interaction occurred only when the Judge was performing his judicial duties. Thus, Plaintiff cannot overcome the presumption of judicial immunity under the first criterion.

Judicial immunity can also be defeated when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. *Id*. at 11-12; *Barnes*, 105 F.3d at 1116. When judicial immunity is at issue, the scope of the judge's jurisdiction is broadly construed. *Stump*, 435 U.S. at 356-357. A judge does not forfeit immunity because a judicial action is taken in error, done maliciously, or was in excess of his authority. *Id*. Actions taken in complete absence of all jurisdiction are those acts which are clearly outside of the subject matter jurisdiction of the court over which the judge presides. *King v. Love*, 766 F.2d 962, 965 (6th Cir.

1985).  Conversely, merely acting in excess of authority does not preclude immunity.  *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984).

In the present matter, Plaintiff asserts that he has been "incarcerated on false charges for 9 ½ months" due, in part, to Judge Wetzel's admissibility rulings on certain evidence.  (ECF No. 1-1 at 4, 8.)  Nothing in the Complaint suggests that Judge Wetzel acted outside the subject matter jurisdiction of his court.  Moreover, nothing in the Complaint suggests that Judge Wetzel acted outside of the subject matter jurisdiction of the court over which he presides.  Accordingly, Plaintiff does not have recourse against Defendant Judge Wetzel for damages in a civil rights action under § 1983 and the Undersigned recommends the Court dismiss these claims.

Defendant Prosecutor McConville

The Undersigned also finds the Complaint fails to assert a claim for which relief may be granted against Defendant McConville.  Defendant McConville is the Knox County Prosecutor and is being sued his alleged conduct in prosecuting Plaintiff.  (ECF No. 1-1 at 3-4, 19.)  Prosecutors, however, are entitled to absolute immunity from damages for both initiating and prosecuting a criminal case.  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993).  A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in prosecuting them in court.  *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006).  Prosecutors could not properly perform this duty if every decision carried the potential consequences of personal liability in a suit for damages.  *Id*.  Prosecutors, therefore, are extended absolute immunity when the challenged actions are those of an advocate.  *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003).  Immunity is granted not only for actions directly related to initiating and prosecuting a criminal case, but also for activities undertaken "in connection with [the] duties in functioning as

9

a prosecutor." *Id*. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). Immunity is granted not only for actions directly related to initiating and prosecuting a criminal case, but also for activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Id*. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). "'Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously, or because the criminal defendant ultimately prevailed on appeal or in a habeas corpus proceeding.'" *Grant v. Holenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (quoting M. Schwartz & J. Kirklin, *Section 1983 Litigation: Claims, Defenses, and Fees* § 7.8 (1986)).

As best as the Undersigned can glean from the Complaint, Plaintiff alleges that Defendant McConville conspired against him by dismissing a witness from the state court proceedings and by concealing evidence that exonerates Plaintiff. (ECF No. 1-1 at 6-8.) Plaintiff's Complaint contains no facts that suggest Defendant McConville engaged in any activity outside his role as an advocate in prosecuting Plaintiff. The Undersigned finds, therefore, that Defendant McConville is entitled to absolute immunity in this matter and recommends that the claims against Defendant McConville be dismissed.

<u>Defendant James Pyle</u>

Finally, Plaintiff's claims against Defendant James Pyle also fail. Defendant Pyle is the Knox County Public Defender and, according to the Complaint, represented Plaintiff in his first criminal case. (ECF No. 1-1 at 4, 16-20.) Plaintiff asserts that Defendant Pyle conspired against him in dismissing one of his witnesses in the state criminal case. (*Id.* at 4.)

Plaintiff's allegations against Defendant Pyle, which ultimately amount to a claim of inadequate legal representation of him in a criminal case, fail to state a claim under 42 U.S.C. § 1983. To plead a cause of action under 42 U.S.C. § 1983, a Plaintiff must plead two elements:

(1) a person acting under color of state law caused deprivation of a right that is (2) secured by the Constitution or laws of the United States. *Hunt v. Sycamore Cmty. School Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008). "It is well-settled that a lawyer representing a client is not a state actor 'under color of law' within the meaning of § 1983." *Dallas v. Holmes*, 137 F. App'x 746, 752 (6th Cir. 2005) (citing *Polk County v. Dodson*, 454 U.S. 312, 318(1981)). Consequently, "[a] defense attorney engaging in the traditional functions of a lawyer representing a client in a criminal proceeding is not acting for the state for purposes of Section 1983." *Garcia v. Nerlinger*, No. 1:10–cv–788, 2011 WL 1395595, at *1 (S.D. Ohio Apr. 12, 2011); *see also Cudejko v. Goldstein*, 22 F. App'x 484, 485 (6th Cir. 2001) (concluding that the state-court criminal defense attorney was not a state actor, which precluded a § 1983 claim for ineffective assistance of counsel). This rule extends to public defenders. *See Polk*, 454 U.S. at 325 ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") Here, the conduct that forms the basis of Plaintiff's claims falls squarely within the traditional functions of a lawyer representing a client. Accordingly, Plaintiff has failed to allege sufficient state action for the purposes of any intended federal claim under § 1983 against Defendant Pyle, his state-court criminal defense attorney. Accordingly, his action must be dismissed pursuant to § 1915.

To the extent Plaintiff intends instead to bring a state-law claim for attorney malpractice, the Undersigned recommends that the Court decline to exercise jurisdiction over those claims. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709

(6th Cir. 2009) (internal quotations omitted). Here, as outlined above, the Undersigned has recommended dismissal of the Complaint in its entirety. Thus, the Court does not have original jurisdiction over Plaintiff's state-law claims. Because the Undersigned is recommending dismissal of Plaintiff's purported federal claims, it is further recommended that the Court decline to exercise supplemental jurisdiction over any remaining state-law claims and that it dismiss any such claims without prejudice to re-filing in state court

## IV.

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety for failure to state a claim upon which relief can be granted. The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: August 14, 2020                              /s/ *Elizabeth A. Preston Deavers*
                                                                       ELIZABETH A. PRESTON DEAVERS
                                                                       CHIEF UNITED STATES MAGISTRATE JUDGE